IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAYMOND ALEXANDER RAY, ) ) Petitioner, ) ) v. ) ) CHRISTE QUICK, ) ) Respondent. ) | Case No. CIV-24-867-F |

## REPORT AND RECOMMENDATION

Raymond Alexander Ray, a pro se Oklahoma prisoner housed at the Oklahoma State Penitentiary in McAlester, Oklahoma, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1.[1] Petitioner originally filed his petition in the United States District Court for the Eastern District of Oklahoma, but that court transferred the matter to this Court on August 22, 2024. Doc. 10. United States District Judge Stephen P. Friot referred the matter to the undersigned Magistrate Judge on October 3, 2024, for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 14. Respondent has filed a motion to dismiss the petition for lack of jurisdiction as a second or successive habeas petition without Tenth Circuit authorization. Docs. 8, 9. *See*

---

[1]   Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

28 U.S.C. § 2244(a). Petitioner did not respond to the motion. The undersigned recommends the Court grant the motion to dismiss.

## I.  Procedural history.

An Oklahoma County, Oklahoma jury convicted Petitioner in Case No. CF-2019-187, of Domestic Assault and Battery with a Dangerous Weapon (Count 1); Domestic Assault and Battery Resulting in Great Bodily Harm (Count 2); and Domestic Assault and Battery, Second or Subsequent Offense (Count 3). Doc. 9, at 2-3; *see Ray v. Okla. Dep't of Corrs.*, No. CIV-21-694-F (W.D. Okla. July 12, 2021) (Doc. 18) (*Ray* I). The trial court sentenced Petitioner to fifteen years' imprisonment on Counts 1 and 3, and thirty years' imprisonment on Count 2. Doc. 8, Att. 5, at 1. The Oklahoma Court of Criminal Appeals (OCCA) affirmed Petitioner's convictions and sentences on March 11, 2021. *Id*. Att. 5, at 5.

After the OCCA denied Petitioner's direct appeal and the state district court denied him post-conviction relief, Petitioner filed a § 2254 habeas corpus action in this Court on July 12, 2021, seeking relief from his judgment and sentence in Oklahoma County Case No. CF-2019-187. *See Ray* I, No. CIV-21-694-F, Doc. 1. Magistrate Judge Shon T. Erwin issued a Report and Recommendation recommending the Court deny the habeas corpus petition on its merits. *Ray* I, No. CIV-694-F, Doc. 18. After considering Petitioner's objection, this Court adopted the Report and Recommendation and denied the

habeas corpus petition. *Id.* Docs. 21, 22. The Court also denied Petitioner a certificate of appealability. *Id.* Doc. 21, at 3. Petitioner did not appeal the Court's decision to the Tenth Circuit Court of Appeals.

In this habeas corpus petition, Petitioner again seeks relief from the judgment and sentence in Oklahoma County Case No. CF-2019-187. Doc. 1, at 1.

## II. 28 U.S.C. § 2244(b).

A petitioner must "move in the [Tenth Circuit] for an order authorizing the district court to consider" a second or successive § 2254 habeas petition "before" Petitioner files the petition "in the district court." *See* 28 U.S.C. § 2244(b)(3)(A). This statutory requirement is jurisdictional. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive [] 28 U.S.C. § 2254 claim until [the Tenth Circuit] has granted the required authorization.").

### A. Petitioner did not move for or receive the Tenth Circuit court's authorization before filing this habeas corpus petition.

Petitioner has already filed a petition for habeas corpus relief from the judgment and sentence the state court rendered against him in Oklahoma County Case No. CF-2019-187. *See Ray* I, No. CIV-21-694-F. In this petition, Petitioner seeks a second review of the validity of his Oklahoma County judgment and sentence. Doc. 1. But "any later habeas petition challenging the

3

same conviction is second or successive and is subject to the [Antiterrorism and Effective Death Penalty Act (AEDPA)] requirements." *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011).

The AEDPA requires a prisoner who has previously challenged his judgment to obtain authorization from the Tenth Circuit to file a second or successive § 2254 habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Petitioner has not confirmed he received prior authorization from the Tenth Circuit to file this second or successive habeas petition, nor has the undersigned determined that he has received such authorization.[2] The Court, thus, has no jurisdiction to entertain Petitioner's habeas corpus petition and the Court should dismiss it without prejudice. *See, e.g.*, *Dopp v. Martin*, 750 F. App'x 754, 757 (10th Cir. 2018) (upholding district court's dismissal for lack of jurisdiction of petitioner's "fourth § 2254 application attacking the same judgment").

---

[2]     Petitioner admits he filed a prior habeas corpus action. *See* Doc. 1, at 12.

> **B. The Court should dismiss the habeas corpus petition, rather than transfer it to the Tenth Circuit Court of Appeals.**

A district court may either dismiss or transfer an unauthorized second or successive § 2254 habeas application. *In re Cline*, 531 F.3d at 1252. Under 28 U.S.C. § 1631, if a district court determines that it lacks jurisdiction, it "shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought." Factors the Court considers "in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *In re Cline*, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter . . . for authorization." *Id.* at 1252; *see also Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006).[3]

---

[3] Respondent argues against a transfer because this latest habeas corpus petition is untimely and is thus doomed in any event. Doc. 9, at 9, 11. The undersigned agrees.

Transferring this case to the Tenth Circuit is not in the interest of justice. Because Petitioner's petition does not meet the statutory requirements for authorization, it would be a waste of judicial resources to transfer this case to the Tenth Circuit. *See In re Cline*, 531 F.3d at 1252; *see also Johnson v. Allbaugh*, 742 F. App'x 395, 396 n.2 (10th Cir. 2018) (noting the Tenth Circuit will grant authorization "only if [petitioner] is able to demonstrate that he has new claims" that meet the statutory requirements under 28 U.S.C. § 2244(b)(2)(A)-(B)).

Under § 2244(b)(2), a court may consider claims presented in a second or successive habeas corpus petition that were not presented in a prior application if:

> (A)  [T]he applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)  (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.* Petitioner does not assert that these exceptions apply to his latest habeas petition attacking the same judgment he has previously attacked. He does not cite to any new principles of constitutional law underlying his claims or allege

any previously undiscoverable facts to support his claims for habeas corpus relief. Doc. 1, at 5-11.

Because transfer to the Tenth Circuit would result in dismissal in any case, the interest of justice does not require it. The Court should thus grant Respondent's motion and dismiss Petitioner's latest § 2254 habeas petition.

### III. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court grant Respondent's motion and dismiss the habeas corpus petition for lack of jurisdiction as a second or successive habeas petition without Tenth Circuit authorization.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of this Court **on or before October 28, 2024**, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 7th day of October, 2024.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE